# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:17-cv-21965-JEM

**KRISHNA MAHARAJ,**

    *Petitioner*,

**v.**

**JULIE L. JONES, Secretary,**
**Florida Department of Corrections;**
**JOSE COLON, Warden,**
**South Florida Reception Center,**

    *Respondents*.

_____/

### THE UNITED KINGDOM OF GREAT BRITAIN'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

The United Kingdom of Great Britain and Northern Ireland respectfully requests leave to file an *amicus curiae* brief in support of the Petitioner, who files a second petition seeking habeas corpus relief from this Court following permission from the Eleventh Circuit. The Eleventh Circuit approved the filing of a second petition finding a preliminary *prima facie* case of actual innocence. *In re Maharaj*, \_\_\_ F.3d \_\_\_, No. 17-10452-F, Slip Op. at 7 (11th Cir. March 28, 2017). All parties have been contacted ahead of filing this motion: The defense consents and

1

the state indicates that it cannot agree on the basis that there are no applicable rules for an *amicus curiae* brief.

If permitted, the United Kingdom will submit a brief to call to the attention of the Court a State's international obligations to protect the human and civil rights of a person within criminal proceedings in reference to the issue of disclosure. *Amicus* does not propose to reiterate the domestic legislation implementing these obligations in the United States as outlined by the Petitioner.

By way of background information, the Petitioner, a citizen of the United Kingdom, has been detained in Florida for 30 years. He is serving a life sentence having spent ten years on death row before his death sentence was vacated. *Maharaj v. State,* 718 So. 2d 944 (Fla. 2000), *cert. denied,* 533 U.S. 935 (2001).

The United Kingdom provides consular assistance to its nationals who have been arrested, detained or incarcerated overseas, with their consent. Prior to his conviction and sentence, Krishna Maharaj was denied consular assistance as the United Kingdom was made aware of his detention by United States' authorities almost one year after he was convicted and sentenced to death. The Florida authorities had not complied with their obligation to provide notification to appropriate consular officials, in violation of Article 16(1) of the Convention on Consular Officers between the U.S. and the U.K, Convention on Consular Officers,

U.S.-U.K., June 6, 1951, art. 16(1), 3 U.S.T. 3426, 3439 and Article 36 of the Vienna Convention on Consular Relations, Vienna Convention on Consular Relations, Apr.24, 1963, 21 U.S.T 77, art. 36, 596 U.N.T.S. 261.

The United Kingdom is committed to the rule of law, including the promotion of, and protection against, violations of human rights.  It has been the longstanding view of the United Kingdom that a State must protect the human rights of those within their jurisdiction and must provide appropriate remedies for violations of those rights.  The United Kingdom fully accepts that it cannot interfere in the internal legal affairs of another State. The United Kingdom considers that it is entitled to intervene whenever concerns arise about the infringement of the human rights of its nationals arrested, detained or incarcerated overseas.

WHEREFORE, the United Kingdom respectfully requests this Court grant it leave to file, within 20 days of this Court's order on this issue, an *amicus curiae* brief in support of the Petitioner.

## CERTIFICATE OF COMPLIANCE

This document is prepared in Times New Roman 14-point font and contains 620 words, as counted by Microsoft Word.

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 5th day of March 2018, the foregoing was filed electronically through the Court's EM/ECF system. Notice of this filing will be sent by email to all parties.

/s/ Ila J. Klion

Ila J. Klion
*Counsel of Record*
Florida Bar No. 0928038
8710 NW 46 Street
Lauderhill, FL
954.749.9155
*Counsel for Amicus Curiae*

March 5, 2018