**DOCKET NO. 1:17-cv-21965-JEM**

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**KRISHNA MAHARAJ,**

*Petitioner*,

vs.

**JULIE L. JONES, Secretary, Florida Department of Corrections**

**JOSE COLON, Warden, South Florida Reception Center,**

*Respondents*.

ON PETITION FOR A WRIT OF HABEAS CORPUS BY A PRISONER IN STATE CUSTODY (28 U.S.C. §2254)

**BRIEF OF THE UNITED KINGDOM OF GREAT BRITAIN AS *AMICUS CURIAE* IN SUPPORT OF THE PETITIONER**

Ila J. Klion
*Counsel of Record*
Florida Bar No. 0928038
8710 NW 46 Street
Lauderhill, FL
954.749.9155
*Counsel for Amicus Curiae*

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................. III

**INTEREST OF AMICUS CURIAE** ........................................................................ 1

**SUMMARY OF ARGUMENT** ............................................................................... 3

**ARGUMENT** ........................................................................................................... 4

   I.   INTERNATIONAL LAW OBLIGATES STATES TO PROVIDE ACCESS TO INFORMATION THAT COULD BE USEFUL TO THE DEFENSE. ............ 4

      A.  *The Right to a Fair Trial* ........................................................................... 4

      B.  *The Right to Adequate Time and Facilities to Prepare Defense* ............. 7

   II.  CONSIDERATIONS OF CO-OPERATIVE FEDERALISM REQUIRE THAT THIS COURT ORDER DISCLOSURE OF MATERIAL PREVIOUSLY ORDERED BY A STATE COURT TO ENSURE THAT DUE PROCESS IS PROVIDED. ................................................................................................... 8

**CONCLUSION** ........................................................................................................ 9

**CERTIFICATE OF COMPLIANCE** .................................................................. 10

**CERTIFICATE OF SERVICE** ............................................................................ 10

# TABLE OF AUTHORITIES

## CASES

*Berger v. United States*, 295 U.S. 78, 88 (1935)......................................................................8

*Cone v. Bell*, 556 U.S. 449, 451 (2009)....................................................................................9

*Florida v. Maharaj*, No. 86-030610.........................................................................................3

*In re Maharaj*, ___ F.3d ___, No. 17-10452-F, Slip Op. at 7 (11th Cir. March 28,
    2017) ....................................................................................................................................2, 3

*Maharaj v. State,* 718 So. 2d 944 (Fla. 2000) ..........................................................................2

*Yick Wo v. Hopkins*, 118 U.S. 369 (1886) .................................................................................8

## STATUTES

28 U.S.C. §2254 .........................................................................................................................3

## TREATISES

Convention on Consular Officers, U.S.-U.K., June 6, 1951, art. 16(1), 3 U.S.T.
    3426, 3439..............................................................................................................................2

International Covenant on Civil and Political Rights, Art.14 (1), Dec. 16, 1966,
    999 U.N.T.S. 171 ................................................................................................................6, 7

The Magna Carta, Chapter 39, (1215).........................................................................................5

U.N. Doc. CCPR/C/GC/32 (2007) .............................................................................................6

UN Human Rights Committee, General Comment ...................................................................7

Vienna Convention on Consular Relations, Apr.24, 1963, 21 U.S.T 77, art. 36, 596

   U.N.T.S. 261 ................................................................................................2

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XIV. ..................................................................................5

## INTEREST OF AMICUS CURIAE

The United Kingdom of Great Britain and Northern Ireland (hereinafter "the United Kingdom") respectfully submits this brief as *amicus curiae* with a view to bringing to the attention to the Court the United States' obligations under international law with respect to (1) the right to a fair trial and, in particular (2) the right to access to documents and evidence, in support of the Petitioner.  Counsel of record for all parties have received timely notice of intent to file this brief.[1]

The United Kingdom submits this brief in support of the granting of the Petitioner's requests for discovery so that he may have access to documents and evidence which would assist in the preparation of his defense, and therefore, give effect to his fair trial rights.

The background to this matter and to the prior and current legal proceedings relevant to the submission of this brief are set out below.

Krishna Maharaj files a second petition seeking habeas corpus relief from this Court following permission from the Eleventh Circuit.  The Eleventh Circuit approved the filing of a second petition finding a preliminary *prima facie* case of

---

[1] No counsel for a party authored this brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief. No person other than amicus curiae, its members, or its counsel made a monetary contribution to its preparation or submission.

actual innocence. *In re Maharaj*, ___ F.3d ___, No. 17-10452-F, Slip Op. at 7 (11th Cir. March 28, 2017).

Krishna Maharaj, a citizen of the United Kingdom, has been detained in Florida for 30 years. He is serving a life sentence having spent ten years on death row before his death sentence was vacated. *Maharaj v. State,* 718 So. 2d 944 (Fla. 2000), *cert denied,* 533 U.S. 935 (2001). Prior to his conviction and sentence, Krishna Maharaj was denied consular assistance. The United Kingdom was made aware of his detention by United States' authorities almost one year after he was convicted and sentenced to death. The Florida authorities therefore failed to comply with their obligation to provide notification to appropriate consular officials, in violation of Article 16(1) of the Convention on Consular Officers between the U.S. and the U.K., Convention on Consular Officers, U.S.-U.K., June 6, 1951, art. 16(1), 3 U.S.T. 3426, 3439, and Article 36 of the Vienna Convention on Consular Relations, Vienna Convention on Consular Relations, Apr.24, 1963, 21 U.S.T 77, art. 36, 596 U.N.T.S. 261. The United Kingdom provides consular assistance to its nationals, with their consent, who have been arrested, detained or incarcerated overseas. For this reason, the United Kingdom takes very seriously the denial of consular access to its nationals who find themselves in those circumstances.

The United Kingdom is committed to the rule of law, including the promotion of, and protection against, violations of human rights. It has been the longstanding view of the United Kingdom that a State must protect the human rights of those within their jurisdiction and must provide appropriate remedies for violations of those rights. The United Kingdom fully accepts that it cannot interfere in the internal legal affairs of another State. The United Kingdom considers that it is entitled to intervene whenever concerns arise about the infringement of the human rights of its nationals arrested, detained or incarcerated overseas.

## SUMMARY OF ARGUMENT

These proceedings were instituted as a successive motion for habeas corpus relief under 28 U.S.C. §2254 on establishing a *prima facie* case of innocence and obtaining leave from the Eleventh Circuit U.S. Court of Appeals. *In re Maharaj*, ___ F.3d ___, No. 17-10452-F, Slip Op. at 7 (11th Cir. March 28, 2017). In prior proceedings before the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Miami-Dade, in order to adequately present his case, the Petitioner requested information from the federal government relating to a number of persons involved in the crime of which he was accused/convicted. In 2014, the state court ordered the disclosure of this information but, to date, the relevant federal agencies have not complied with the Court's order. *Florida v. Maharaj*, No. 86-030610

3

(Fla. Miami-Dade County Ct. Aug. 27, 2014). See appendix A for copies of such orders.

The Petitioner now invites this Court to make similar disclosure orders and enforce discovery. The Petitioner has already established a *prima facie* case of innocence without this information and it is the Petitioner's case that it would be vital to obtain full disclosure within a reasonable period of time to enable adequate preparation for the current proceedings.

The right to a fair trial is protected under domestic law and enshrined in a number of international legal instruments, many of which have been ratified by the United States. International law requires compliance with at least minimum guarantees of fair trial, including the right to adequate time and facilities for criminal defendants to prepare their defense, which encompasses the right to access to documents and other evidence.

## ARGUMENT

**I. INTERNATIONAL LAW OBLIGATES STATES TO PROVIDE ACCESS TO INFORMATION THAT COULD BE USEFUL TO THE DEFENSE.**

**A. The Right to a Fair Trial**

The right to a fair trial protects an individual's access to justice in criminal proceedings. It constitutes a fundamental right in any legal system that purports to uphold the rule of law. When a State discounts the basic rights of one of its

4

subjects, or alien persons within its jurisdiction, it disregards what is fair or due in proceedings and offends principles of due process.

Due process has long been respected by both the United Kingdom and United States. The concept is over 800 years old and was first enshrined in the signing of Magna Carta 1215: "No free man shall be seized, or imprisoned, or disseised, or outlawed, or exiled, or in any way ruined, nor will we send against him, except by the lawful judgment of his peers or by the law of the land." Magna Carta, Ch. 39 (1215). In the United States, due process was imported into statutes of North American colonies, drawn upon by the founding fathers, and is guaranteed in the 14th Amendment to the U.S. Constitution. (U.S. Const. amend. XIV.).

Internationally, the fundamental importance of the right to a fair trial is recognized by almost all of the world's countries: 169 countries[2] are party to the International Covenant on Civil and Political Rights (hereinafter "ICCPR") which specifically protects the right to a fair trial: "In the determination of any criminal charge against him, or of his rights and obligations in a suit at law, everyone shall

---

[2] As of Jan. 12, 2018, there are 74 signatories and 169 parties to the International Covenant on Civil and Political Rights. Some parties have expressed reservations in respect of article 14 which limit its scope but the majority limit legal aid provisions due to financial constraints. *See* ICCPR available at: https://treaties.un.org/Pages/ViewDetails.aspx?src=IND&mtdsg_no=IV-4&chapter=4&clang=_en.

5

be entitled to a fair and public hearing by a competent, independent and impartial tribunal established by law…" International Covenant on Civil and Political Rights, Art.14 (1), Dec. 16, 1966, 999 U.N.T.S. 171.  The right to fair trial extends to the appeal process since it is part of criminal proceedings.

 Art. 14 (1) ICCPR sets out equality before courts and tribunals as an essential component of the right to a fair trial.  The Human Rights Committee clarified that:

> [This]right of access to courts and tribunals and equality before them is not limited to citizens of States parties, but must also be available to all individuals, regardless of nationality or statelessness, or whatever their status, whether asylum seekers, refuges, migrant workers, unaccompanied children or other persons, who may find themselves in the territory or subject to the jurisdiction of the State party.

U.N. Doc. CCPR/C/GC/32 (2007).

 The Committee also observed that "the right to equality before courts and tribunals also ensures the equality of arms", which means "the same procedural rights are to be provided to all parties unless distinctions are based on law and can be justified on objective and reasonable grounds, not entailing actual disadvantage or other unfairness to the defendant." *Id.* at II. In other words, the prosecution and defense must be given equal opportunity to prepare and present their cases.  This requires that the defendant be provided with adequate preparatory time and

6

facilities: "In the determination of any criminal charge against him, everyone shall be entitled to the following minimum guarantees, in full equality: … (b) To have adequate time and facilities for the preparation of his defence [*sic*] and to communicate with counsel of his own choosing." Art.14 (3) (b) ICCPR.  See International Covenant on Civil and Political Rights, Art.14 (3), Dec. 16, 1966, 999 U.N.T.S. 171.

### B. The Right to Adequate Time and Facilities to Prepare Defense

The right to disclosure and access to information that may assist in a person preparing their defense is fundamental for the meaningful exercise of one's right to a fair trial.  In preparing the defense, the definition of adequate time will vary from case to case subject to the circumstances, but adequate facilities will always require the disclosure of material that may be useful to the defense:  "Adequate facilities" must include access to documents and other evidence; this access must include all materials that the prosecution plans to offer in court against the accused or that are exculpatory… including not only material establishing innocence but also other evidence that could assist the defence [*sic*]." UN Human Rights Committee, General Comment 32.

## II. CONSIDERATIONS OF CO-OPERATIVE FEDERALISM REQUIRE THAT THIS COURT ORDER DISCLOSURE OF MATERIAL PREVIOUSLY ORDERED BY A STATE COURT TO ENSURE THAT DUE PROCESS IS PROVIDED.

American courts have long recognized that the promise of due process and equal protection secured by the Fourteenth Amendment to the United States Constitution is not confined to citizens alone but extends to aliens. *See generally, Yick Wo v. Hopkins*, 118 U.S. 369 (1886). Federal courts are the guardians of the United States' treaty obligations in criminal proceedings and, the United Kingdom respectfully suggests, should take particular care to ensure aliens are treated equally to citizens of the United States, in state court proceedings since treaty obligations are not directly enforceable upon the states. When a state court attempts to honor the promise of the Fourteenth Amendment and orders discovery by federal agencies or officials in criminal process against an alien, *amicus* suggests that co-operative federalism requires the assistance of the federal courts in subsequent proceedings.

As the Supreme Court of the United States has noted, although the state is obliged to "prosecute with earnestness and vigor", it "is as much [its] duty to refrain from improper methods calculated to produce a wrongful conviction *as it is to use every legitimate means to bring about a just one*." *Berger v. United States*, 295 U.S. 78, 88 (1935) (emphasis added). In a later case the Court noted, "The

8

right to a fair trial, guaranteed to state criminal defendants by the Due Process Clause of the Fourteenth Amendment, imposes on States certain duties consistent with their sovereign obligation to ensure "that 'justice shall be done' " in all criminal prosecutions" and "that when a State suppresses evidence favorable to an accused that is material to guilt or to punishment, the State violates the defendant's right to due process, 'irrespective of the good faith or bad faith of the prosecution.'" *Cone v. Bell*, 556 U.S. 449, 451 (2009) (citations omitted).

Given that due process under domestic law has not been followed, the Court is urged to rectify that position and issue the necessary orders in terms sought by the Petitioner.

## CONCLUSION

*Amicus curiae* respectfully urges the Court to grant and enforce Krishna Maharaj's requests for disclosure so that he may adequately prepare and present his defense.

Respectfully submitted,

/s/Ila J. Klion
Ila J. Klion
*Counsel of Record*
Florida Bar No. 0928038
8710 NW 46 Street
Lauderhill, FL
954.749.9155
*Counsel for Amicus Curiae*

March 9th, 2018

9

## CERTIFICATE OF COMPLIANCE

This document is prepared in Times New Roman 14-point font and contains 1988 words as counted by Microsoft Word.

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on this 9th day of March 2018, the foregoing Amicus Curiae Brief for the United Kingdom of Great Britain was filed electronically through the Court's EM/ECF system. Notice of this filing will be sent by email to all parties.

/s/Ila J. Klion

Ila J. Klion
*Counsel of Record*
Florida Bar No. 0928038
8710 NW 46 Street
Lauderhill, FL
954.749.9155
*Counsel for Amicus Curiae*

March 9th, 2018