## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 17-21965-CIV-MARTINEZ/OTAZO-REYES

|  |  |
|---|---|
| **KRISHNA MAHARAJ,** | ) |
| **Petitioner,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **FLORIDA DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| **Respondents.** | ) |

# PETITIONER'S MEMORANDUM ON THE SCOPE OF THE EVIDENTIARY HEARING

**BENEDICT P. KUEHNE**
**Fla. Bar No. 233293**
**KUEHNE DAVIS LAW, P.A.**
**Miami Tower Suite 3550**
**100 S.E. 2nd Street**
**Miami, FL 33131-2154**
**Tel: 305.789.5989**
**ben.kuehne@kuehnelaw.com**
**efiling@kuehnelaw.com**

**CLIVE A. STAFFORD SMITH**
**La State Bar No. 14,444**
**Reprieve PO Box 72054**
**London EC3P 3BZ, UK**
**Tel: +44 (0)20 7353 8140**
**clive@reprieve.org.uk**

1

Petitioner Krishna Maharaj supports his eligibility for an evidentiary hearing with this memorandum of law that includes a discussion of the nature and scope of the evidentiary hearing mandated in this case.

I. **An evidentiary hearing on the merits of petitioner's claims is required because there is sufficient evidence of innocence to pass through the "gateway" to the merits of the claims if this Court does not first recognize that the standard has readily been met.**

The primary issue here is whether petitioner has met the burden of proving sufficient evidence of his innocence to pass through the *Schlup* gateway. *See Schlup v. Delo*, 513 U.S. 298 (1995). The Fourth Circuit recently completed an extensive gateway analysis in *Finch v. McKoy,* __ F.3d ___, No. 17-6518 (4th Cir. Jan. 25, 2019). That court began its discussion by noting that "[t]his rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Finch*, Slip Op. at 3, quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

As detailed in his petition, Mr. Maharaj presented abundant evidence such that the Court could grant relief as a matter of right. *See Wolfe v. Johnson*, 940 F. Supp. 2d 280, 288 (E.D. Va. 2010) (concluding an evidentiary hearing was not necessary for *Schlup* reasons as the petitioner's presented evidence was ample to meet the

standard without conducting a hearing).[1] After all, *Schlup* highlighted the fact that if unimpeached evidence demonstrates that someone else most likely committed the crime, the law cannot assume that any juror would convict the petitioner, *id*. at 331:

> Schlup's evidence includes the sworn statements of several eyewitnesses that Schlup was not involved in the crime. Moreover, Schlup has presented statements . . . that cast doubt on whether Schlup could have participated in the murder and still arrived at the dining room 65 seconds before the distress call was received. *Those new statements* may, of course, be unreliable. *But if they are true . . . it surely cannot be said that a juror, conscientiously following the judge's instructions requiring proof beyond a reasonable doubt, would vote to convict.* (emphasis added).[2]

However, should the Court deem a hearing on the gateway necessary, the following rules apply.

1. **The *Schlup* gateway is a federal procedural issue that does not involve substantive state rulings, and thus there is no deference to state factual findings.**

"Courts have consistently emphasized that actual innocence for the purposes of *Schlup* is a procedural mechanism rather than a substantive claim." *Finch*, Slip

---

[1] This Court cannot make meaningful credibility assessments *against* petitioner's evidence without hearing the witnesses. *See Wolfe v. Johnson,* 565 F.3d 140, 169 (4th Cir. 2009) ("And the court prematurely rejected the credence and relevance of the Barber, Huff, and Coleman Affidavits. Regarding the Barber Affidavit, the court adhered to the proposition that an evidentiary hearing was precluded because that aspect of the allegation was based on a recantation. *See* Federal Habeas Decision 12 (citing *United States v. Johnson,* 487 F.2d 1278 (4th Cir. 1973)). Although *Johnson* urges caution when assessing the reliability of recantations, the recanting witness in *Johnson* was called to testify at an evidentiary hearing and was cross-examined.").

[2] For instance, Maharaj presented a series of alibi witnesses who place him at another location at the time of the crime – these alone meet the *Schlup* standard. Beyond this, he impeached the entire prosecution case, showed that the victims were stealing huge amounts of money from the Colombian cartel, and presented a series of witnesses identifying that the cartel committed the crimes. Since the task of this Court is not to decide what this Court believes, but rather to decide whether a reasonable jury would likely acquit, the answer is self-evident.

Op. at 11, quoting *Teleguz v. Pearson*, 689 F.3d 322, 327 (4th Cir. 2012). This means there is not a state court finding to which deference can be shown because it does not involve a state law issue. Indeed, there is one clear reason why this rule applies here: in 2014-2015, the state court essentially ignored most of the evidence of innocence adduced by petitioner based on an erroneous application of the hearsay rule. Thus, far from meaningfully carefully assessing the evidence of petitioner's innocence, the state court failed to consider it. This Court therefore would not be reviewing the erroneous application of the state hearsay rule. *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir. 1985). Rather, in considering the *federal* issue of the *federal* gateway in *federal* court, the *federal* rules apply to the admissibility of evidence. *See United States v. Lowery*, 166 F.3d 1119, 1125 (11th Cir. 1999) ("When it comes to the admissibility of evidence in federal court, the federal interest in enforcement of federal law, including federal evidentiary rules, is paramount. State rules of professional conduct, or state rules on any subject, cannot trump the Federal Rules of Evidence."); *United States v. Moss*, No. 10-60264-CR, 2011 WL 2669159, at *8 (S.D. Fla. Mar. 21, 2011) (citing *United States v. Lowery*, 166 F.3d 1119, 1125 (11th Cir. 1999) (finding that the Florida Bar Rules of Professional Conduct do not

determine the admissibility of evidence in federal court), *aff'd*, No. 10-60264-CR, 2011 WL 2669138 (S.D. Fla. May 6, 2011).[3]

Federal Rule of Evidence 402 provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.

The Eleventh Circuit has held "that is an exclusive list of the sources of authority for exclusion of evidence in federal court." *Lowery*, 166 F.3d at 1125. *See also United States v. Condon*, 170 F.3d 687, 690 (7th Cir. 1999) ("Like the Eleventh Circuit in *Lowery*, we doubt that a local rule can require the exclusion of evidence."). Under the federal rules, all the evidence is admissible, as has already been briefed, so there is no need here to discuss the obvious and unconstitutional error committed by the state court in the total exclusion of petitioner's evidence. *See also* Fed.R.Evid. 1101(e) (Federal Rules of Evidence apply in habeas corpus proceedings "to the extent that matters of evidence are not provided for in the statutes which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority").

---

[3] *See also Duckworth v. Owen*, 452 U.S. 951, 953 (1981) (Stevens, J., dissenting) ("No one would disagree with the conclusion of the Court of Appeals that Indiana rules of evidence do not apply in a federal habeas proceeding."); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) (Federal Rules of Evidence govern the admissibility of evidence in federal court); *see also Hendrix v. Evenflo Co.*, 609 F.3d 1183, 1193 (11th Cir. 2010) (applying federal law to determine whether expert testimony was admissible); *Scott v. McDonald*, 70 F.R.D. 568, 571 (N.D. Ga. 1976) (applying federal rule regarding privilege).

That said, on the gateway issue, this Court must go further to consider evidence where admissibility is not fully settled. In *Wolfe*, the Fourth Circuit held:

> [T]he district court concluded that an evidentiary hearing was unnecessary because the affidavit contained inadmissible hearsay. *See* Federal Habeas Decision 14. The Supreme Court emphasized in *Schlup*, however, that a habeas court is not bound by the rules of evidence, carefully explaining that it must focus the inquiry on actual innocence. *Schlup*, 513 U.S. at 327. As the Court explained,
>
>> In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial.
>
> *Id.* at 327-28. Thus, under controlling precedent, the evidence supporting a showing of actual innocence need not be admissible at trial, but merely relevant and previously unavailable. *See Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) (recognizing that court assessing actual innocence claim "is not bound by the rules of admissibility"). The court therefore erred in concluding that it could not consider the Huff Affidavit because it contains hearsay.

*Wolfe v. Johnson*, 565 F.3d 140, 170 (4th Cir. 2009).[4]

---

[4] *See also Majoy v. Roe*, 296 F.3d 770, 778 (9th Cir. 2002) ("In this regard, the "habeas court must make its determination concerning the petitioner's innocence `in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial."'") (quoting *Schlup*, at 328, 115 S. Ct. 851 (quoting Henry J. Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U. Chi. L.Rev. 142, 160 (1970))). *Hill v. Mitchell*, ___ F.Supp.3d ___, Slip Op. at 13, No. 1:98-cv-452 (S.D. Ohio, Apr. 24, 2019) (quoting *Eberle v. Warden, Mansfield Corr. Inst.,* 532 F. App'x 605, 612-13 (6th Cir. 2013) (quoting *House v. Bell,* 547 U.S. 518, 538 (2006))) ("[A] court must survey 'all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.'"); *Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012) ("We are not here called to determine whether Rivas is in fact innocent. However, on the record before us, we 'cannot have confidence in the outcome of [Rivas's] trial' unless we can be

It is not fully settled whether petitioner must present new evidence that was unavailable at trial to meet the *Schlup* requirement, or whether petitioner need only show that it was not presented. *See Calderon v. Thompson*, 523 U.S 538, 559 (1998) ("'To be credible, a claim of actual innocence must be based on reliable evidence *not presented at trial.*'") (emphasis added) (quoting *Schlup*, 513 U.S. at 324); *Griffin v. Johnson*, 350 F.3d 956 (9th Cir. 2003) ("habeas petitioners need not produce 'newly discovered' evidence to meet the *Schlup* test" as it need only be newly-presented). This distinction is moot here, since Maharaj proposed a large amount of evidence that was unavailable, supported by the clear finding he has been diligent for the past 33 years.[5]

In the end, though, this Court must assess all the evidence – that presented at trial (as impeached by what we now know as well as what was presented 32 years ago), that presented in the state post-conviction hearings, and that which will be presented before this Court – if a hearing is deemed necessary. "An actual innocence finding 'requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard.'" *Finch*, Slip Op. at 13,

---

assured that 'the trial was free of nonharmless constitutional error.'") (quoting *Schlup*, 513 U.S. at 315, 115 S. Ct. 851).

[5] There is no need for Maharaj to show due diligence, although he has. *See Hill v. Mitchell*, ___ F.Supp.3d ___, Slip Op. at 13, No. 1:98-cv-452 (S.D. Ohio, Apr. 24, 2019) (quoting *Eberle v. Warden, Mansfield Corr. Inst.,* 532 F. App'x 605, 612-13 (6th Cir. 2013) (quoting *McQuiggin,* 569 U.S. at 399))) ("a petitioner who asserts a convincing actual-innocence claim does not have to 'prove diligence to cross a federal court's threshold.").

quoting *House v. Bell*, 547 U.S. 518, 539 (2006) (internal citations and quotation marks omitted). While the showing of innocence must be strong, it cannot be an unrealistic burden.[6]

### 2. Briefly applying the rules to this case, a full hearing will reach the just result, even if this Court does not short circuit such an exercise by moving to the merits.

*Finch* is instructive in many ways, since Finch was granted a new trial and was then exonerated after 43 years of injustice. Just as here, there was a supposed eyewitness. Just as here, all the witness impeachment must be considered. Some of it must be presented by live evidence; some is an analysis of the incredible, shifting Neville Butler stories detailed in the petition. In *Finch*, Deputy Jones was a major police witness at trial; here, it was Detective Buhrmaster. Post-trial, both were substantially impeached, although Dep. Jones far less than Det. Buhrmaster who has undisputedly committed perjury on several important points. If Dep. Jones was

---

[6] *Souter v. Jones*, 395 F.3d 577, 597 n.11 (6th Cir. 2005) ("In its brief, the State argues that it is not enough for petitioner to show that the prosecutor could no longer prove his guilt beyond a reasonable doubt," but rather Souter must "prove that he is innocent." Resp. Br. at 20. Like the State's argument, the district court held that Souter failed "to establish actual innocence because none of [his] evidence conclusively establishes that the bottle could not have inflicted the wounds on the victim." J.A. at 190 (Dist. Ct. Op.). These extraordinarily high standards are appropriate for free-standing actual innocence claims, rather than gateway claims used to overcome procedural default. *** 'A petitioner need not show that he is actually innocent of the crime he was convicted of committing; instead he must show that a court cannot have confidence in the outcome of the trial.'") (quoting *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002). Petitioner notes in passing that he does not agree the substantive innocence claim should be so stringent either. It makes little sense to require "clear and convincing" evidence of innocence (which might be equated to perhaps 80% certainty of innocence), since that would mean that the state judicial process was less accurate than a coin toss, even when judging life and liberty.

deemed to have pressured witnesses, we now know that Det. Buhrmaster encouraged his subordinates to threaten witnesses on a television program. Just as here, there was no physical evidence that linked Finch to the crime. Likewise, no physical evidence alleged against Maharaj is inconsistent with his consistent story – that he came to Room 1214, Eddie Dames did not show up for the meeting, and he left.

For purposes of the current assessment of the evidence, this Court must accept that each of the state witnesses has been thoroughly impeached (as set out in the habeas petition), that there is an alibi, that the victims were stealing money from the drug cartel, and that at least six witnesses have testified to the murders being committed by the Colombian drug cartel, and that there would be additional witnesses presented at an evidentiary hearing, should one be deemed necessary.[7] Under such circumstances, the gateway actual innocence burden has been met.[8]

---

[7] Such additional evidence would include the testimony discussed in his habeas petition, as well as in each of his discovery motions. Thus, for example, it would include the recently discovered evidence concerning John Henry Millan where he states how the cartel committed the murder; concerning Juan Lopez; and concerning Witness A (*see* Petitioner's *Supplement to Petition for Writ Of Habeas Corpus Filed in Reply to Respondent's Motion for a More Definite Statement* at 10 n.8, filed July 6, 2017)

[8] *See also Munchinski v Wilson*, 694 F.3d 308, 336-37 (3d Cir. 2012) ("In *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064  (2006), the Supreme Court found that the petitioner made a gateway showing of actual innocence in part because the petitioner's newly-discovered evidence identified an alternate suspect and supported a more appropriate theory of the case."; Bowen was the 'eyewitness' but "[t]here were numerous changes in Bowen's account of the murders" which weakened his evidence; four witnesses claimed Munchinski confessed to them, including a jailhouse informant; "The report presents an alternative theory that better fits the verifiable facts of the case than the Commonwealth's theory." *Id*. at 315); *Finley v. Johnson*, 243 F.3d 215, 221-22 (5th Cir. 2001) ("If the jury had heard this evidence, there is at least a reasonable probability that they would have rejected the prosecutor's argument that there was "no way in the world" that Towery's wife and daughter were in any immediate danger the day Finley abducted him and took him to the police station. Under these circumstances, we hold that Finley has made out a sufficient

## II. Once the gateway has been cleared, an evidentiary hearing must be held on the merits of the claims.

The *Schlup* gateway is the first step of the process, readily surmounted. If this Court adopts the approach in *Wolfe v. Johnson*, 940 F. Supp. 2d 280 (E.D. Va. 2010), the case should move directly to this point whereupon the standard rules of habeas apply. The substantive issues set out in the Petition for Writ of Habeas Corpus have been and will continue to be satisfied.

Some of the issues presented are relatively simple and just as simply resolved. Since the state court applied the wrong standard on the *Brady* issue and erroneously ruled most of the evidence supporting the claim was inadmissible, relief can be granted summarily on that issue. *See* Petition for Writ of Habeas Corpus at 216, 258-294. Likewise, the state court did not cumulate the error since the court did not recognize the error that existed and did not apply the correct standard. *Id.* at 305.

This Court should order an evidentiary hearing on the actual innocence points raised in the petition. *See Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007) (evidentiary hearing is  warranted unless the state court "record refutes the applicant's factual allegations or otherwise precludes habeas relief"; federal habeas court  "was well within its discretion to determine [whether petitioner could] develop a factual record that would entitle him to habeas relief"). Petitioner specifically

---

showing of "actual innocence" to satisfy the fundamental miscarriage of justice exception for his procedurally defaulted *Brady* claim.")

incorporates the issues presented in the petition for the scope of the evidentiary hearing. Should this Court so require, petitioner can itemize those issues with more precision. Petitioner also asks this Court to allow a brief response to the respondent's submission.

For these reasons, Petitioner Krishna Maharaj asks this Court to schedule an evidentiary hearing according to these parameters. Petitioner anticipates needing four to five days for the full hearing.

Respectfully submitted,

*S/ Benedict P. Kuehne*
**BENEDICT P. KUEHNE**
Fla. Bar No. 233293
Miami Tower, Suite 3550
100 S.E. 2nd Street
Miami, FL 33131-2154
(305) 789-5989
ben.kuehne@kuehnelaw.com
efiling@kuehnelaw.com

**CLIVE A. STAFFORD SMITH**
La State Bar No. 14,444
Reprieve PO Box 72054
London EC3P 3BZ, UK
Tel: +44 (0)20 7353 8140
clive@reprieve.org.uk

<u>**CERTIFICATE OF SERVICE**</u>

I certify a true and correct copy of the foregoing delivered on July 31, 2019,

by CM/ECF to:

Jeffrey Geldens
Assistant Attorney General, Criminal Appeals
Office of the Florida Attorney General
SunTrust International Center
1 SE 3rd Avenue, Suite 900
Miami, FL 33131
crimappmia@myfloridalegal.com
jeffrey.geldens@myfloridalegal.com

By:   *Benedict P. Kuehne*
      **BENEDICT P. KUEHNE**

11