UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-21965-CIV-MARTINEZ/AOR

KRISHNA MAHARAJ,

        Petitioner,

vs.

FLORIDA DEPARTMENT OF
CORRECTIONS, Julie L. Jones,
Secretary, et al.

        Respondents.
_____/

**AMICI CURIAE BRIEF OF UK ALL PARTY PARLIAMENTARY HUMAN RIGHTS GROUP AND ALL PARTY PARLIAMENTARY GROUP ON THE ABOLITION OF THE DEATH PENALTY**

**A.    Introduction And Overview**

The undersigned amici are the All Party Parliamentary Human Rights Group and the All Party Parliamentary Group on the Abolition of the Death Penalty. These Groups are composed of Members of the United Kingdom's House of Commons and of its House of Lords from all of the major UK political parties. Those Parliamentarians, who include in their number two former Directors of Public Prosecutions, are keenly concerned that their fellow British citizen, Petitioner Krishna Maharaj, receive justice from this Court. Amici submit this brief to urge this Court to proceed swiftly to the evidentiary hearing that the Magistrate Judge has ordered. Mr. Maharaj is eighty and in declining health. Given his physical condition—and that of his wife, Marita, who has stood by him for more than thirty years since his conviction—further delay in these proceedings increases the likelihood that Mr. Maharaj will be denied his long-awaited and hard-won day in court. Now more than ever, "[j]ustice delayed is justice denied." *Matter of McCorkle*, 972 F. Supp. 1423 (M.D. Fla. 1997).

Mr. Maharaj's extraordinary quest to unearth the truth took his legal team on a long and winding road, but has finally yielded compelling *evidence* that he is innocent of the crimes for which he has been imprisoned for over three decades. It has now been two and a half years since the Eleventh Circuit ruled in Mr. Maharaj's favor and ordered that he be allowed to file a successive 28 U.S.C. § 2254 petition for a writ of habeas corpus ("successive petition"). On September 13, 2019, the Magistrate Judge issued an Order (the "Order") at long last granting Mr. Maharaj the evidentiary hearing that he has been seeking. The Order set the hearing for October 17, 2019.

The Government has sought to delay the hearing and has appealed the Order to the district court judge. It would be a terrible injustice if those maneuvers resulted in Mr. Maharaj dying in custody of illness or old age before the Court-ordered hearing takes place. Amici urge the Court to avoid the risk of this irreparable injury by ruling as soon as possible on the Government's objections to the Order and directing that the hearing proceed.

**B.      Prior Rulings Of Eleventh Circuit And This Court That Warrant That Hearing Occur Expeditiously.**

Mr. Maharaj filed a detailed, fact-specific, and well-documented *habeas* petition that dismantles the case against him and points to those who committed the crimes for which he was wrongly convicted more than thirty years ago. The Eleventh Circuit approved Mr. Maharaj's successive petition based on the "compelling" evidence of his innocence, including but not limited to "the testimony of five additional witnesses whose stories independently corroborate one another's." (*In Re Maharaj*, Slip. Op. at 6 (11th Cir. Mar. 28, 2017). These additional witnesses are only a small portion of the substantial and significant evidence submitted to the Court, which also includes approximately 498 exhibits.

Following the Eleventh Circuit's decision and based on the evidence Mr. Maharaj submitted to the Magistrate Judge, the Magistrate Judge issued an Order that set the evidentiary hearing for October 2019. Alas, the Government both sought to delay the hearing and then filed objections that urged the district court to deny the hearing altogether.

As fully briefed in Mr. Maharaj's Response, the Magistrate Judge's decision is consistent with law and policy. Notably, among other erroneous arguments, the State's complaints about the gateway issue of innocence as well as its unsupported argument that Mr. Maharaj has not demonstrated the requisite due diligence, are without merit. The Magistrate Judge already has properly addressed and ruled on these issues. Accordingly, the State's arguments on appeal are not well-taken and appear to be aimed primarily at delay.

Moreover, the Eleventh Circuit held that Mr. Maharaj has made a *prima facie* case for relief. The Court would not have reached this conclusion were there *no* basis for an evidentiary hearing. In point of fact, as stated above, there is a *substantial* basis for an evidentiary hearing. As such, amici submit that this case should move quickly to the discrete issue of whether a constitutional infirmity at Mr. Maharaj's trial requires *habeas* relief.

**C.     Mr. Maharaj Is Innocent, Eighty Years Old, And In Poor Health.**

Mr. Maharaj is eighty years old and in substantially declining health. His wife, Marita, who has stood by him loyally all this time, is also in her eighties and in poor health. Any delay in these proceedings only imperils Mr. Maharaj's health further and may result in the effective denial of any remedy to him if he does not live to see his case to its end.

Mr. Maharaj's lifespan has already far outstripped that of the average prison inmate, a fact that makes a prompt hearing on his *Brady* claims more urgent. His earthly time must be close to its limit and so, therefore, is the window for some semblance of justice to be served.

To date, Mr. Maharaj has languished in prison for 33 years  Driven by knowledge of his *innocence* and despite legal (but not factual) setbacks, Mr. Maharaj has remained dogged in pursuit of his freedom.  Throughout this process, the Court has encouraged and invited the Government repeatedly to present legal arguments to counter Mr. Maharaj's well-documented *Brady* claims.  The Government presented its best arguments to the Magistrate Judge, who thoroughly considered the Government's submissions and found them meritless.  Now, the Government seeks another bite at the apple in the next phase of its kitchen sink strategy to keep Mr. Maharaj behind bars for another twenty years, until he is 101.  Prisoners cannot be expected to live that long.  The Government must anticipate that Mr. Maharaj will die in prison, perhaps even before he can present the case that the Eleventh Circuit and Magistrate Judge have already found should be heard.

Courts often grapple with the tension between on the one hand, the interests of finality and procedural considerations, and on the other, a fundamentally just outcome.  The appropriate balance here, however, cannot seriously be questioned.  Mr. Maharaj must get his day in court while he is still alive.  The Government's apparent attempt to run out the clock on his life is manifestly inappropriate.  Whatever differences one might have in one's conception of "due process," there can be no more fundamental truth than that an elderly and unwell prisoner's substantial and well-supported case of actual innocence must be heard with dispatch.

The undersigned parliamentarians respectfully urge this Court to deny the State's Appeal and move forward with the evidentiary hearing post-haste.

**D.     Conclusion**

The United States of America shares with England the Great Writ of habeas corpus. The Great Writ has unparalleled capacity to prevent injustice.  To avoid making a mockery of this process, this Court should proceed quickly to the evidentiary hearing to determine whether Mr.

Maharaj at long last is entitled to issuance of that Great Writ so that, in his old age, he may rejoin his spouse and they may live out their last days together in freedom.

Dated:  November 5, 2019.  Respectfully submitted,

By */s/ Edward M. Mullins*
Edward M. Mullins (FBN: 863920)
emullins@reedsmith.com
Raymond A. Cardozo (*pro hac vice*)
rcardozo@reedsmith.com
REED SMITH LLP
1001 Brickell Bay Drive, Suite 900
Miami, Florida  33131
Telephone:  786.747.0200
Facsimile:  786.747.0299

Of Counsel:
Michael Skrein
Gautam Bhattacharyya
Catherine Lewis
Charlotte Stewart-Jones
REED SMITH LLP
The Broadgate Tower
20 Primrose Street
London EC2A 2RS
England

Addison DiSesa
Tessa Lessner
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071

**Signatories:**

Ann Clwyd MP

on behalf of the All Party Parliamentary Human Rights Group

Baroness Stern

Mark Pritchard MP

on behalf of the All Party Parliamentary Group for the Abolition of the Death Penalty

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record.

By   */s/ Edward M. Mullins*
        Edward M. Mullins