# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 23, 2022

FILED BY ___AP___ D.C.

May 23, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 20-14816-AA
Case Style: Krishna Maharaj v. Secretary, Florida Department, et al
District Court Docket No: 1:17-cv-21965-JEM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 20-14816

_____

KRISHNA MAHARAJ,

                                       Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
WARDEN, SOUTH FLORIDA RECEPTION CENTER,
FLORIDA ATTORNEY GENERAL,

                                       Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-21965-JEM

_____

ISSUED AS MANDATE 05/23/2022

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: March 17, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 20-14816

Non-Argument Calendar

_____

KRISHNA MAHARAJ,

                                                                    Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
WARDEN, SOUTH FLORIDA RECEPTION CENTER,
FLORIDA ATTORNEY GENERAL,

                                                               Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cv-21965-JEM

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

     Krishna Maharaj is a Florida inmate currently serving a life sentence for murder. He appeals the district court's denial of his second or successive federal habeas petition for habeas corpus relief. When Maharaj sought leave to file a second or successive habeas petition, we granted his request as to a *Brady* claim. When he filed his petition, he raised the authorized claim along with several others outside the scope of our grant: an unauthorized *Brady* subclaim and a freestanding actual innocence claim. The district court allowed him to proceed and denied post-conviction relief. Then, the district court issued a certificate of appealability limited to two *Brady*-related issues. On appeal, in addition to litigating the issues in the COA, Maharaj asks us to expand the scope of the COA to include claims for actual innocence and cumulative error. Upon consideration, we affirm in part the district court's denial of Maharaj's *Brady* claim and vacate and remand in part for the district court to dismiss the unauthorized *Brady* subclaim for lack of jurisdiction. We also deny Maharaj's request to expand the COA to include claims for factual innocence and cumulative error, and we

Case 1:17-cv-21965-JEM   Document 151   Entered on FLSD Docket 05/23/2022   Page 6 of 14
USCA11 Case: 20-14816   Date Filed: 03/17/2022   Page: 3 of 9

20-14816               Opinion of the Court                3

vacate and remand to the district court with instructions to dismiss these claims for lack of jurisdiction.

## I.

When Maharaj requested leave to file a second or successive habeas petition, we granted him leave to raise a *Brady* claim based on evidence that Jamie Vallejos Mejia, an alleged cartel associate, was under investigation for money laundering at the time of the murders, and on the following material that allegedly would have derived from that evidence: (i) testimony from a former pilot for a drug cartel, who testified in state court under the pseudonym "John Brown"; (ii) testimony from Jorge Maya, who implicated the cartel in the subject murders; (iii) an affidavit from Jhon Jairo Velasquez Vasquez, also known as "Popeye," who may have implicated the cartel in the murders; and (iv) proffered testimony from an anonymous "Witness A," who would provide evidence of a relevant conversation between two alleged cartel members, Juan Lopez and Jhon Henry Millan. Maharaj sought, but did not receive authorization, to bring a sub-claim based on testimony of a CIA informant, Baruch Vega.

Maharaj filed a second or successive § 2254 petition in the district court and proffered this evidence in support of his theory that the drug cartel committed the murders for which he was convicted. The district court denied relief, concluding that the prosecution team did not possess information relating to an investigation into Mejia. Because there was no "possessed and suppressed

Case 1:17-cv-21965-JEM   Document 151   Entered on FLSD Docket 05/23/2022   Page 7 of 14
USCA11 Case: 20-14816   Date Filed: 03/17/2022   Page: 4 of 9

4                Opinion of the Court                20-14816

evidence to bootstrap" the other materials to, there was no *Brady* violation. The court nonetheless issued a COA on two issues: whether the Mejia indictment and/or the information from Baruch Vega could be imputed to the prosecution for purposes of establishing possession and suppression by the prosecution under *Brady*; and (2) if so, whether this information would have changed the outcome of the verdict in light of the deference to be afforded under AEDPA. Maharaj appealed.

### II.

#### A.

We are obligated as a threshold matter to inquire into our own subject matter jurisdiction *sua sponte*, including the jurisdiction of the district court in actions we review. *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001); *see also Gonzalez v. Thaler*, 565 U.S. 134, 143 (2012) (holding that a defective COA does not deprive an appellate court of jurisdiction). We review *de novo* whether the district court had jurisdiction over a habeas petition. *Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019).

A state prisoner who wishes to file a second or successive habeas corpus petition must file a motion with the court of appeals requesting an order authorizing the district court to consider such a petition. *See* 28 U.S.C. § 2244(b)(3)(A). If a petitioner does not receive authorization to file a second or successive petition, the district court must dismiss it for lack of jurisdiction. *See Burton v.*

Case 1:17-cv-21965-JEM   Document 151   Entered on FLSD Docket 05/23/2022   Page 8 of 14
USCA11 Case: 20-14816   Date Filed: 03/17/2022   Page: 5 of 9

20-14816                Opinion of the Court                5

*Stewart*, 549 U.S. 147, 153 (2007); *cf. Ross v. Moore*, 246 F.3d 1299, 1300 (11th Cir. 2001) (vacating the district court's order granting a COA certifying a constitutional claim after it had dismissed the underlying § 2254 petition as time-barred under the AEDPA); *see also Magwood v. Patterson*, 561 U.S. 320, 338–39 (2010) (noting that a district court should dismiss without prejudice, not deny on the merits, an unauthorized second or successive application challenging the movant's sentence).

Having *sua sponte* considered our jurisdiction over certain of Maharaj's claims, we conclude that we cannot review the merits of Maharaj's *Brady* claim as it relates to Vega's testimony. The district court did not have jurisdiction to consider arguments outside the scope of our grant of leave to file a successive habeas petition. Because we never granted Maharaj leave to raise a sub-claim based on the testimony of Vega, the district court lacked jurisdiction to consider it at all, much less certify it for appeal. Accordingly, it is not properly before us now.

B.

We turn now to the claims that we authorized Maharaj to file. We conclude that Maharaj has not established that the district court erred in finding that the state court did not unreasonably apply *Brady* or make unreasonable findings of fact.

A petitioner is permitted federal habeas relief for a claim adjudicated on the merits in state court if the state court adjudication was "contrary to, or involved an unreasonable application of,

Case 1:17-cv-21965-JEM   Document 151   Entered on FLSD Docket 05/23/2022   Page 9 of 14
USCA11 Case: 20-14816   Date Filed: 03/17/2022   Page: 6 of 9

6                    Opinion of the Court                  20-14816

clearly established [f]ederal law, as determined by the Supreme Court," or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court's fact finding is presumed correct unless rebutted by clear and convincing evidence. *Id.* § 2254(e)(1). A state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter,* 562 U.S. 86, 103 (2011). Even if the federal court concludes that the state court applied federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

To prevail under *Brady*, a petitioner must show that the prosecution suppressed evidence favorable to the defense, either willfully or inadvertently, and that the suppression of the evidence prejudiced the defense. *Rimmer v. Sec'y, Fla. Dep't of Corr.*, 876 F.3d 1039, 1054 (11th Cir. 2017). When the defendant has "equal access" to the evidence disclosure is not required. *Maharaj I*, 432 F.3d at 1315 n.4.

Maharaj's *Brady* claim relies on his assertion that the state should have disclosed evidence that Mejia was being investigated at the time of the murders. But Maharaj cannot establish that the state suppressed this evidence under *Brady* for two reasons. First, Maharaj had "equal access" to public records of the indictment such that disclosure of the indictment itself was not required. *Id.*

20-14816               Opinion of the Court                    7

Second, at the time he was indicted for money laundering in another jurisdiction, the state did not consider Mejia a suspect in the murder investigation. After an evidentiary hearing, the state post-conviction court found as a matter of fact that the state lacked actual knowledge or constructive knowledge of the investigation into Mejia. We cannot say that fact-finding was unreasonable. Under our case law, the state was under no obligation to embark on a fishing expedition into Mejia across jurisdictional lines. *See United States v. Naranjo*, 634 F.3d 1198, 1212 (11th Cir. 2011). Because Maharaj cannot establish suppression under *Brady*, we need not address materiality, including the other materials that Maharaj asserted were derivative of the Mejia material.

C.

In his brief, Maharaj requests that we expand the COA to include separate issues of actual innocence and cumulative error. Although we have not established a strict rule rejecting all improperly formed requests for expansion of the COA, parties generally must make such requests by filing the appropriate motion. *See Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013). Such a motion must be brought "promptly, well before the opening brief is due," and "[a]rguments in a brief addressing issues not covered in the [COA], . . . will not be considered as a timely application for expansion of the certificate; those issues simply will not be reviewed." *Tompkins v. Moore*, 193 F.3d 1327, 1332 (11th Cir. 1999). A petitioner granted a COA on one issue may not "simply brief other

Case 1:17-cv-21965-JEM   Document 151   Entered on FLSD Docket 05/23/2022   Page 11 of 14
USCA11 Case: 20-14816   Date Filed: 03/17/2022   Page: 8 of 9

8                    Opinion of the Court                    20-14816

issues as he desires in an attempt to force both the Court and his opponent to address them." *Dell,* 710 F.3d at 1272.

We deny Maharaj's construed motion to expand the COA for two reasons. First, as discussed above, we granted him leave to file a second or successive habeas motion only as to a *Brady* claim, so the district court plainly lacked jurisdiction to consider his proposed claims of actual innocence or cumulative error. *See Burton*, 549 U.S. at 153. Second, Maharaj, who is counseled, waited until briefing to request that we expand the COA, which we have expressly warned against. *See Tompkins*, 193 F.3d at 1332. In exceptional cases, we may *sua sponte* expand the COA to include issues that reasonable jurists would find debatable. *Mays v. United States*, 817 F.3d 728, 733 (11th Cir. 2016). But no such circumstances exist here. In short, even assuming we could do so, we decline to retroactively expand our order granting Maharaj leave to a file a successive petition to include these claims and expand the district court's COA to include them.

### III.

Because a portion of the district court's COA falls outside of our authorization to file a second or successive habeas petition, we lack jurisdiction over that sub-claim. As to the portions of the COA over which we have jurisdiction, we affirm the district court's denial of relief. Finally, we will not expand the COA to include claims about actual innocence and cumulative error that plainly fall outside our order granting leave to file a successive petition.

| 20-14816 | Opinion of the Court | 9 |
|---|---|---|

Accordingly, we deny Maharaj's construed motion to expand the COA, we affirm in part, and we vacate in part the order granting a COA and remand his case to the district court with instructions to dismiss the remainder of the appeal for lack of jurisdiction, consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART AND REMANDED WITH INSTRUCTIONS TO DISMISS FOR LACK OF JURISDICTION; CONSTRUED MOTION TO EXPAND THE COA DENIED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 17, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-14816-AA
Case Style: Krishna Maharaj v. Secretary, Florida Department, et al
District Court Docket No: 1:17-cv-21965-JEM

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>T. L. Searcy, AA</u> at <u>(404) 335-6180</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

                                                OPIN-1 Ntc of Issuance of Opinion